THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
Email: thomasburke@dwt.com

SARAH E. BURNS (State Bar No. 324466)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899
Email: sarahburns@dwt.com

LEENA M. CHARLTON (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:  (212) 489-8230
Facsimile:  (212) 489-8340
Email: leenacharlton@dwt.com

Attorneys for Plaintiffs
THE APPEAL, INC., and ETHAN COREY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THE APPEAL, INC., and ETHAN COREY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS,<br><br>Defendant. | Case No. 5:22-cv-02111<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 *et seq*.** |

Plaintiffs The Appeal, Inc., and Ethan Corey ("Plaintiffs" or "The Appeal"), by its undersigned attorneys, allege as follows:

**INTRODUCTION**

1. The Office of Justice Programs (a division of the U.S. Department of Justice) is a federal agency that provides resources for improving the nation's criminal justice systems. The Office of Justice Programs ("OJP") is comprised of six program offices, two of which are responsible for the collection of in-custody death data: the Bureau of Justice Assistance[1] ("BJA") and the Bureau of Justice Statistics[2] ("BJS").

2. In 2000, Congress passed the Death in Custody Reporting Act ("DCRA-2000") which requires states to report to the Attorney General information regarding the death of any person who is either detained, under arrest, in the process of being arrested, en route to be incarcerated, or is incarcerated at a municipal or county jail, state prison, state-run boot camp prison, boot camp prison that is contracted out by the state, or any state or local contract facility, or other local or state correctional facility (including any juvenile facility). The purpose of the DCRA-2000 was to increase transparency about in-custody deaths at the state and local levels and to have a repository of national statistics that could highlight systemic issues in need of reform.[3] The BJS was responsible for capturing this data via its Mortality in Correctional Institutions reporting program ("MCI").

3. Between 2001 and 2016, the BJS found that at least 16,058 people died in local jails, nearly half by nonnatural causes like suicide or drug overdose, and nearly 60,000 people died in state and federal prisons. The agency also reported nearly 5,000 arrest-related deaths, the majority of which were police homicides from 2003 to 2009.[4]

4. The DCRA-2000 expired in 2006; however, the BJS continued to collect in-custody death reports until the end of 2019. In 2014, Congress reauthorized the DCRA ("DCRA-

---

[1] *See Death in Custody Reporting Act (DCRA) Data Collection: Overview* (Nov. 23, 2022), https://www.bja.ojp.gov/program/dcra/overview.
[2] *See Death in Custody Reporting Act* (Nov. 23, 2022), https://bjs.ojp.gov/programs/dicra.
[3] *See* Ethan Corey, *How the Federal Government Lost Track of Deaths in Custody* (Jun. 24, 2020), https://theappeal.org/police-prison-deaths-data/.
[4] *See id.*

1
COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 5:22-cv-02111

DAVIS WRIGHT TREMAINE LLP

2013") and expanded its requirements in response to the high-profile police killings of Eric Garner and Michael Brown.[5] Unlike the DCRA-2000, the DCRA-2013 now requires that *federal* law enforcement agencies report in-custody death data to the Attorney General and penalizes states that fail to report deaths.[6]

5. In 2019, the BJA took over the aggregation of state and local mortality data on behalf of the BJS. The transfer of responsibility of DCRA-2013 reporting from the BJS to the BJA, coupled with modifications to data collection by the Trump administration, caused the BJA to not begin collecting in-custody death data until October 2019. Since then, neither the BJA, BJS, nor any other component of the U.S. Department of Justice has published or made publicly available any in-custody death data. Furthermore, the BJS has yet to revive its arrest-related deaths reporting program, meaning that there is no publicly available, official data on deaths from police encounters.[7] In short, the true scope of deaths in custody remains unknown to the public.

6. Starting on October 10, 2019, on behalf of The Appeal, Inc.,[8] then-Senior Fact Checker and Researcher Ethan Corey made three FOIA requests to the OJP requesting information on pre-2019 jail death data, federal law enforcement agency death data, and post-2019 state and local jail death data. Nearly *three years* after Plaintiffs made their initial FOIA request, the OJP continues to wrongfully deny disclosure and withhold the responsive documents.

7. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to enjoin the OJP from continuing to improperly withhold agency records that are responsive to the FOIA requests Plaintiffs sent starting in October 2019 (the "FOIA Requests"). This FOIA action is necessary because Plaintiffs have exhausted their administrative remedies, and Defendant continues to wrongfully deny disclosure of responsive

---

[5] *Id.*
[6] *See* Office of the Inspector General, *Review of the Department of Justice's Implementation of the Death in Custody Reporting Act of 2013* (Dec. 2018), https://www.oversight.gov/sites/default/files/oig-reports/e1901.pdf.
[7] *See supra* note 3.
[8] The Appeal is a highly regarded nonprofit news organization that focuses its reporting on the U.S. criminal legal system.

DAVIS WRIGHT TREMAINE LLP

records under 5 U.S.C. § 552(b)(3). Furthermore, Plaintiffs made a 2020 FOIA Request over 27 months ago and have yet to receive any responsive records, a constructive denial of that FOIA Request.

8.  The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citations omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

9.  The Appeal plays a critical role in providing information to citizens about what U.S. law enforcement agencies and correctional facilities "are up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

10.  Through its FOIA Requests, Plaintiffs seek to fulfill their journalistic function and shine a public light on in-custody deaths in local jails, state prisons, and federal prisons in the United States.

**PARTIES**

11.  Plaintiff The Appeal, Inc., is a national, nonprofit news agency that covers the impact of policy, politics, and the criminal-legal system on vulnerable communities.[9] The Appeal's expertise in fact-based reporting and analysis has led to countless articles detailing the human and economic costs of the United States' mass incarceration system. The Appeal's principal place of business is located in Landers, California.

12.  Plaintiff Ethan Corey is the Research and Projects Editor for The Appeal. Mr. Corey's work focuses on key issues in the criminal legal system, from bail reform to how the federal government lost track of deaths in custody.[10]

---

[9] *See* The Appeal, *About Us* (Nov. 23, 2022), https://theappeal.org/about/.
[10] *See* The Appeal, *Ethan Corey: Bio* (Nov. 23, 2022), https://theappeal.org/authors/ethan-corey/.

13. Defendant Office of Justice Programs is a division of the U.S. Department of Justice, which is a component of the Executive Branch of the United States Government. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that Defendant has possession and control of records sought by the FOIA Requests.

## JURISDICTION

14. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

15. Venue in the Central District of California – Eastern Division is proper under 5 U.S.C. § 552(a)(4)(B) as The Appeal has its principal place of business in San Bernardino County. For the same reason, venue is also proper under 28 U.S.C. § 1391(e).

## FACTS

**2019 FOIA Request**

16. Mr. Corey, while employed for The Appeal, sent a FOIA Request to the U.S. Department of Justice's Office of Justice Programs ("OJP") on October 10, 2019. He requested copies (including electronic records) of "[a]ll records concerning the number of jail deaths reported (and/or unique CJ-9 forms submitted) by each jail facility participating in the Mortality in Correctional Institutions reporting program (formerly known as the Death in Custody Reporting Program) each year from 2000 to 2018, inclusive." A true and correct copy of this FOIA request is attached as **Exhibit A** ("2019 Request").

17. Mr. Corey identified himself as a representative of a member of the news media. *See* Exhibit A.

18. Mr. Corey specified that he sought only non-exempt information. *See* Exhibit A.

19. Mr. Corey asked the OJP to inform him of any fees in advance of fulfilling the 2019 Request. *See* Exhibit A.

20. On October 28, 2019, the OJP acknowledged receipt of the 2019 Request, and assigned it the request number 20-FOIA-00016. Attached as **Exhibit B** is a true and correct copy

DAVIS WRIGHT TREMAINE LLP

of this acknowledgment of receipt. The OJP stated that Mr. Corey's request fell within "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii) and extended the time limit to respond to the 2019 Request beyond the ten additional days provided by the statute.

21. In a letter dated March 31, 2020, DOJ stated that it had identified 182,611 pages of responsive records in the Office of Justice Programs (OJP) and claimed that all 182,611 pages were exempt from disclosure pursuant to "exemption (b)(3) of the [Freedom of Information Act] . . . [authorizing] an agency to withhold information prohibited by disclosure by another statute." DOJ cited "34 U.S.C. §§ 10134 and 10231, which pertains to research or statistical information collected by the Bureau of Justice Statistics and must remain confidential" as the applicable statutes under FOIA (b)(3). The denial "complete[d] processing of" the 2019 FOIA Request. Attached as **Exhibit C** is a true and correct copy of this letter.

22. On June 20, 2020, Mr. Corey appealed the OJP's denial of the 2019 Request, on the grounds that Exemption 3 was improperly applied, the OJP failed to undertake reasonable efforts to segregate non-exempt material from responsive records, and the OJP failed to meet its burden under the "foreseeable harm" standard. A true and correct copy of the appeal letter (minus exhibits) is attached as **Exhibit D**.

23. In a letter dated July 7, 2020, the DOJ Office of Information Policy ("OIP") acknowledged receipt of the appeal on June 26, 2020 and assigned it No. A-2020-01346. Attached as **Exhibit E** is a true and correct copy of this letter.

24. On November 30, 2020, the U.S. Department of Justice's Office of Information Policy ("OIP") affirmed, on partly modified grounds, the OJP's denial on the same basis as before, again improperly applying Exemption 3 and stating that 34 U.S.C. § 10231 exempted the responsive records from release in full. The OIP did not mention 34 U.S.C. § 10134, nor did they respond to any other arguments raised by Mr. Corey's appeal. A true and correct copy of the OIP's denial is attached as **Exhibit F**.

**2020 FOIA Request**

25. Mr. Corey, while employed for The Appeal, sent a FOIA Request to the OJP on July 27, 2020. He requested copies (including electronic records) of:

a. All DCR-1 quarterly summary forms submitted by federal, state, and local agencies to the OJP, BJA, or any of its contractors or agents.

b. All DCR-1A incident reports submitted by federal, state, and local agencies to OJP, BJA, or any of its contractors or agents.

c. All Edward Byrne Memorial Justice Assistance Grant ("JAG") Performance Management Tool reports submitted by state and local agencies using the online portal located at https://bjapmt.ojp.gov/ that include reporting pursuant to the Death in Custody Act of 2013.

26. A true and correct copy of this FOIA Request to the OJP is attached as **Exhibit G** (the "2020 Request").

27. Mr. Corey identified himself as a representative of a member of the news media and asked the OJP to waive all fees associated with this request pursuant to 5 U.S.C. § 552(a)(4)(A) because the information sought was for The Appeal's "newsgathering process" and "disclosure of this information is in the public interest."

28. Mr. Corey specified that he sought only non-exempt information. *See* Exhibit G.

29. On July 28, 2020, the OJP acknowledged receipt of the 2020 Request, and assigned it the request number 20-FOIA-00234. Attached as **Exhibit H** is a true and correct copy of this acknowledgment of receipt. The OJP stated that Mr. Corey's request fell within "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii) and extended the time limit to respond to the 2020 Request beyond the ten additional days provided by the statute.

30. On May 21, 2021, Mr. Corey requested a status update on his 2020 Request. On May 24, 2021, a contract FOIA Analyst on behalf of the OJP sent Mr. Corey an email response stating that his request had been resubmitted to include updated data and that he would be contacted as soon as the OJP received and processed the requested records. A true and correct copy of this email is attached as **Exhibit I**. Since receiving this email response Mr. Corey has not received any status updates or responsive records regarding his 2020 Request.

**2021 FOIA Request**

31. Mr. Corey, while employed for The Appeal, sent a FOIA Request to the OJP on February 5, 2021. He requested copies (including electronic records) of:

    a. All Death in Custody Reporting Act (DCRA) reports submitted by federal law enforcement agencies (including the Bureau of Prisons) in FY2016, FY2017, FY2018, FY2019 and FY2020.

    b. A true and correct copy of the FOIA Request to the OJP is attached as **Exhibit J** (the "2021 Request").

32. Mr. Corey identified himself as a representative of a member of the news media and requested a fee waiver and expedited processing. *See* Exhibit J.

33. On February 9, 2021, the OJP acknowledged receipt of the 2021 Request, and assigned it the request number 21-FOIA-00114. Attached as **Exhibit K** is a true and correct copy of this acknowledgment of receipt. The OJP granted expedited processing and stated that Mr. Corey's request fell within "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii) and extended the time limit to respond to the 2021 Request beyond the ten additional days provided by the statute.

34. In a letter dated February 24, 2021, DOJ stated that it had identified 3,348 pages of responsive records in the OJP and claimed that all 3,348 pages were exempt from disclosure pursuant to "exemption (b)(3) of the [Freedom of Information Act] . . . [authorizing] an agency to withhold information prohibited by disclosure by another statute." DOJ cited "34 U.S.C. S 10231, which pertains to research or statistical information collected by the Bureau of Justice Statistics and must remain confidential" as the applicable statutes under FOIA (b)(3). The denial "complete[d] processing of" the 2021 FOIA Request. Attached as **Exhibit L** is a true and correct copy of this letter.

35. On May 8, 2021, Mr. Corey appealed the OJP's denial of the 2021 Request, on the grounds that Exemption 3 was improperly applied and that the OJP failed to meet its burden under the "foreseeable harm" standard. A true and correct copy of the appeal letter (minus exhibits) is attached as **Exhibit M**.

36. In a letter dated January 5, 2022, the OIP affirmed the OJP's denial, repeating OJP's justification without further elaboration. Attached as **Exhibit N** is a true and correct copy of this letter.

**FIRST CAUSE OF ACTION**

**(Violation of FOIA)**

37. Plaintiffs reallege and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Plaintiffs' FOIA Requests seek "agency" records within the Defendant's custody and control.

39. Defendant U.S. Department of Justice's Office of Justice Programs has failed to produce any responsive records to Plaintiffs' FOIA Requests. Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their FOIA Requests, and there exists no "exceptional circumstances" or legal basis for Defendant's failure to respond to Plaintiffs' FOIA Requests and to make these records available.

40. Defendant's failure to make promptly available the records sought by Plaintiffs' FOIA Requests violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

41. Plaintiffs are entitled to declaratory relief finding that Defendant has violated FOIA and are immediately entitled to receive all records responsive to their requests.

42. Plaintiffs are further entitled to injunctive relief, ordering Defendant to immediately produce copies of all records responsive to Plaintiffs' FOIA Requests without further delay.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the Court award them the following relief:

A. Declare that Defendant violated FOIA through their responses to Plaintiffs' FOIA Requests;

B. Order Defendant to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting Defendant from continuing to withhold the requested records;

DAVIS WRIGHT TREMAINE LLP

C.   Order Defendant to immediately disclose any responsive records in their possession or control to Plaintiffs;

D.   Award Plaintiffs their reasonable costs and attorney's fees;

E.   Grant such further relief as the Court may deem just and proper.

DATED:  November 28, 2022

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Thomas R. Burke
          THOMAS R. BURKE

Attorneys for Plaintiffs THE APPEAL, INC., and ETHAN COREY