BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
CORMAC A. EARLY (D.C. Bar No. 1033835)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
　　1100 L Street, N.W.
　　Washington, D.C. 20005
　　Telephone: (202) 616-7420
　　E-mail: Cormac.a.early@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JOHN C. KOREVEC (Cal. Bar No. 310157)
Assistant United States Attorney
　　Federal Building, Suite 7516
　　300 North Los Angeles Street
　　Los Angeles, California 90012
　　Telephone: (213) 894-7423
　　Facsimile: (213) 894-7819
　　E-mail: john.korevec@usdoj.gov

Attorneys for Defendant
U.S. Department of Justice,
Office of Justice Programs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THE APPEAL, INC. and ETHAN COREY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS, <br><br> Defendant. | Case No. 5:22-cv-02111-JFW (AFMx) <br><br> **DEFENDANT'S ANSWER** <br><br> Honorable John F. Walter <br> United States District Judge |

Defendant, the U.S. Department of Justice's Office of Justice Programs ("Defendant" or "OJP"), hereby answers the numbered paragraphs of the Complaint of The Appeal, Inc. and Ethan Corey ("Plaintiffs"), ECF No. 1, in the above-captioned action, as follows:

1. Admitted.

2. The allegations in this paragraph consist of legal conclusions, to which no response is required.

3. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

4. Admitted that BJS collected State and local in-custody death reports until the end of 2019. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

5. Defendant admits that the administration of State and local death-in-custody reporting was transferred from BJS to BJA in 2019. Defendant admits that BJA began collecting State and local in-custody death data in October 2019. Defendant published federal law enforcement data about deaths in custody and during arrest for fiscal year 2020 but admits that Defendant has not published State and local in-custody death data covering the period after October 2019.  The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

6. Defendant admits that it received three FOIA requests from Plaintiff—a request dated October 10, 2019, a second request dated July 27, 2020, and a third request dated February 5, 2021—and respectfully refers the Court to those requests for a full and accurate statement of their contents. Defendant denies that it has wrongfully denied disclosure of records responsive to these three requests.

7. The allegations in this paragraph consist of Plaintiffs' characterization of this action and legal conclusions, to which no response is required.

///

1

8. The allegations in this paragraph consist of legal conclusions, to which no response is required.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Defendant admits the allegations in the first two sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph.

14. The allegations in this paragraph consist of legal conclusions, to which no response is required.

15. The allegations in this paragraph consist of legal conclusions, to which no response is required.

16. Defendant admits that it received a FOIA request from Plaintiff Corey dated October 10, 2019. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. A, ECF No. 1-1.

17. Defendant admits that Plaintiff Corey stated in the referenced request that he was a representative of the news media. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. A, ECF No. 1-1.

18. Defendant admits that Plaintiff Corey stated in the referenced request that he sought only non-exempt information. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. A, ECF No. 1-1.

19. Defendant admits that Plaintiff Corey requested information on fees in the referenced request. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. A, ECF No. 1-1.

20. Admitted.

21. Defendant admits that it responded to Plaintiff's request by letter on March 31, 2020. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents. *See* Pl. Ex. C, ECF No. 1-1.

22. Defendant admits that on June 20, 2020, Plaintiffs appealed Defendant's determination on Plaintiffs' FOIA request dated October 10, 2019. Defendant respectfully refers the Court to Plaintiffs' appeal letter for a full and accurate statement of its contents. *See* Pl. Ex. D, ECF No. 1-1.

23. Admitted.

24. Defendant admits that the U.S. Department of Justice's Office of Information Policy ("OIP") affirmed, on partly modified grounds, OJP's determination on Plaintiffs' FOIA request dated Oct. 10, 2019. Defendant respectfully refers the Court to OIP's letter for a full and accurate statement of its contents. *See* Pl. Ex. F, ECF No. 1-1.

25. Defendant admits that it received the referenced FOIA request from Plaintiff Corey dated July 27, 2020. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. G, ECF No. 1-1.

26. Admitted.

27. Defendant admits that Plaintiff Corey stated in the FOIA request dated July 27, 2020, that he was a representative of the news media and requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A). Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. G, ECF No. 1-1.

28. Defendant admits that Plaintiff Corey stated in the referenced request that he sought non-exempt information. Defendant respectfully refers the Court to the FOIA request dated July 27, 2020, for a full and accurate statement of its contents. *See* Pl. Ex. G, ECF No. 1-1.

29. Admitted.

30. Defendant admits that it notified Plaintiff Corey on May 24, 2021, that his FOIA request numbered 20-FOIA-00234 had been resubmitted to provide updated data up to the date on which the request was fulfilled. Defendant respectfully refers the Court to that notification for a full and accurate statement of its contents. *See* Pl. Ex. I, ECF No. 1-1.

31. Defendant admits that it received the referenced FOIA request from Plaintiff Corey dated February 5, 2021. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. *See* Pl. Ex. J, ECF No. 1-1.

32. Defendant admits that Plaintiff Corey stated in the FOIA request dated February 5, 2021, that he was a representative of the news media, requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A), and requested expedited processing. Defendant respectfully refers the Court to Plaintiff's request for a full and accurate statement of its contents. *See* Pl. Ex. J, ECF No. 1-1.

33. Admitted.

34. Defendant admits that it responded to Plaintiff Corey's request by letter on February 24, 2021. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents. *See* Pl. Ex. L, ECF No. 1-1.

35. Defendant admits that on May 8, 2021, Plaintiff Corey administratively appealed Defendant's determination on the FOIA request dated February 5, 2021. Defendant respectfully refers the Court to Plaintiff's appeal letter for a full and accurate statement of its contents. *See* Pl. Ex. M, ECF No. 1-1.

36. Admitted that on January 5, 2022, OIP affirmed Defendant's determination on Plaintiffs' FOIA request dated February 5, 2021. Defendant respectfully refers the Court to OIP's letter for a full and accurate statement of its contents. *See* Pl. Ex. N, ECF No. 1-1.

37. Defendant re-alleges its responses to paragraphs 1-36 of the Complaint.

38. The allegations in this paragraph consist of legal conclusions, to which no response is required.

39. Defendant admits that it has not produced records in response to any of Plaintiffs' FOIA requests. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

40. The allegations in this paragraph consist of legal conclusions, to which no response is required.

41. The allegations in this paragraph consist of legal conclusions, to which no response is required.

42. The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining allegations in the Complaint constitute a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiffs' Complaint not expressly admitted or denied.

## **DEFENSES**

1. Plaintiffs are not entitled to information that is exempt from disclosure by one or more exemptions enumerated in the FOIA.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

| | | |
|---|---|---|
| Dated: February 6, 2023 | | BRIAN M. BOYNTON<br>MARCIA BERMAN<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br><br>*_____<br>CORMAC A. EARLY |
| Dated: February 6, 2023 | | E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section<br><br>/s/ John C. Korevec<br>JOHN C. KOREVEC<br>Assistant United States Attorney<br><br>Attorneys for Defendant<br>U.S. Department of Justice,<br>Office of Justice Programs |

---

\* Pursuant to Local Rule 5-4.3.4(a)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.