BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
CORMAC A. EARLY (D.C. Bar No. 1033835)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-7420
E-mail: Cormac.a.early@usdoj.gov

Attorneys for Defendant
U.S. Department of Justice,
Office of Justice Programs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| THE APPEAL, INC. and ETHAN COREY,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS,<br>Defendant. | No. 5:22-cv-02111-JFW (AFM)<br><br>JOINT RULE 26(F) REPORT<br><br>Scheduling Conference: March 20, 2023<br>Time: 1:15 p.m.<br>Courtroom: 7A<br>First Street Courthouse<br>350 W. First Street<br>Los Angeles, CA 90012<br><br>Hon. John F. Walter<br>United States District Judge |
|---|---|

Plaintiffs The Appeal Inc. and Ethan Corey and Defendant United States Department of Justice's Office of Justice Programs, through their counsel, met via teleconference on February 23, 2023, in compliance with Federal Rule of Civil Procedure 26 and Central District Local Civil Rule 26-1.

**A. Brief Statement of the Case**

This action seeks the release of records from Defendant the United States Department of Justice's Office of Justice Programs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This Court has subject matter jurisdiction under 5 U.S.C. § 552, 5 U.S.C. § 702, and 28 U.S.C. § 1331. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

Plaintiffs submitted three FOIA requests to Defendant seeking information submitted to the Bureau of Justice Statistics ("BJS") and the Bureau of Justice Assistance ("BJA") regarding deaths in custody, including pursuant to the Death in Custody Reporting Act of 2000 and the Death in Custody Reporting Act of 2013. *See generally* Complaint (ECF 1).

In searches in response to Plaintiffs' requests, Defendant has identified over 185,000 pages of potentially responsive records. *See* Complaint ¶¶ 21, 34. Defendant has determined that all records responsive to Plaintiffs' requests are exempt from disclosure pursuant to FOIA Exemption 3, which applies to records that are:

> Specifically exempted from disclosure by statute (other than section 552b of this title) if that statute—
>
> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or
>
> (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
>
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites this paragraph.

5 U.S.C. § 552(b)(3).

Due to the large volume of records at issue, Defendant has not yet determined whether any other FOIA exemptions may apply to portions of the requested records. Making such determinations would require page-by-page review to determine which exemptions apply, and whether any non-exempt portions of the records are "reasonably segregable." 5 U.S.C. § 552(b).

The parties are accordingly in agreement that this case can most efficiently be resolved by determining at the outset, on summary judgment, whether Exemption 3 applies to prevent disclosure of any or all of the requested records. Defendant respectfully requests permission to reserve the right to assert any other FOIA exemptions in the event that the Court rejects the Exemption 3 assertion. *See Animal Legal Defense Fund v. U.S. FDA*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc; per curiam) ("Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law."). *See also* discussion under "D. Motions" below.

Should any issues remain to be resolved after this Court determines the propriety of the Exemption 3 assertion, the parties respectfully request that they be allowed to submit a joint status report proposing a schedule for further proceedings as appropriate at that time.

**B. Discovery**

1. Joint Statement

The parties agree that because this is a FOIA action, the usual discovery process does not apply. FOIA cases are different from other civil matters subject to the discovery provisions of the Federal Rules of Civil Procedure because the government bears the burden to justify non-disclosure of documents. *See* 5 U.S.C. § 552(a)(4)(B); *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987). "While ordinarily the discovery process grants each party access to evidence, in FOIA ... cases discovery is limited because the

underlying case revolves around the propriety of revealing certain documents." *Lane v. DOI*, 523 F.3d 1128, 1134 (9th Cir. 2008). Discovery is only appropriate where "an agency has not taken adequate steps to uncover responsive documents," and discovery requests will be denied "where an agency's declarations are reasonably detailed, submitted in good faith, and the court is satisfied that no factual dispute exists." *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008) (citations and quotations omitted).

Thus, discovery is greatly restricted in FOIA actions and is generally limited to the scope of an agency's search, its indexing and classification procedures, and similar factual matters. *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). Moreover, permissible discovery concerning such factual issues generally takes place, if at all, after the government moves for summary judgment and submits supporting affidavits and memorandum of law. *See, e.g.*, *Lane*, 523 F.3d at 1134-35 (holding that district court's "delay of discovery" with respect to plaintiffs FOIA claim until after summary judgment "was certainly within its discretion).

Accordingly, Defendants request that the Court stay the scheduling of any discovery until after briefing is completed on summary judgment.

2. <u>Required Issues to be Addressed</u>

- Proposed discovery cut-off date: As stated above, the parties agree that any discovery should be stayed until after any summary judgment motion has been decided.
- Initial Disclosures (Rule 26(f)(3)(A)): Both parties have all of the relevant administrative records consisting of the correspondence between Plaintiffs and Defendant in regard to Plaintiffs' FOIA requests. The parties agree that the records do not need to be reproduced at this time.
- Pretrial Disclosures (Rule 26(f)(3)(A)): The parties agree that this case can likely

be resolved on summary judgment, and respectfully request that the requirement to propose a deadline for pre-trial disclosures be stayed pending resolution of cross-motions for summary judgment on Exemption 3, as discussed under "D. Motions" below.

- Subjects of discovery (Rule 26(f)(3)(B)): As described above, the parties suggest that discovery be stayed until after resolution of the cross-motions for summary judgment on Exemption 3, as discussed under "D. Motions" below.
- Electronic discovery (Rule 26(f)(3)(C)): The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.
- Privilege (Rule 26(f)(3)(D)): The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material.
- Limitations on Discovery (Rule 26(f)(3)(E)): The parties do not anticipate the need for changes to be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.
- Other Orders (Rule 26(f)(3)(F)): The parties do not anticipate the need for any other orders that should be entered by the Court under Rules 26(c),16(b) or (c).
- Expert Witnesses (Local Rule 26-1(f)): The parties at this time do not intend to retain experts. The parties respectfully request that the requirement to propose deadlines for providing the identity of any expert as required by Rule 26(a)(2)(A) be stayed pending resolution of the cross-motions for summary judgment on Exemption 3, as discussed under "D. Motions" below.

**C. Complex Case Procedures**

The parties agree that this is not a complex case and there is no need to utilize the procedures contained in the Manual for Complex Litigation. (Local Rule 26-1(a)).

**D. Motions**

- There are no prior or pending motions in this case.
- Proposed motions (Local Rule 26-1(b)): The parties agree that this case can most

efficiently be resolved by first determining, at summary judgment, whether Defendant properly withheld all documents at issue in this case pursuant to FOIA Exemption 3, reserving determination of the applicability of any other exemptions should Plaintiff prevail on that issue. "[A]s a general rule, [the government] must assert all [FOIA] exemptions at the same time." *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000). However, "there may be times an agency is justified in asserting only a single categorical exemption (e.g. 'All of the records were withheld under Exemption 3') and reserving the use of more targeted exemptions in the event the court rejects that exemption." *Shapiro v. U.S. Dep't of Justice*, No. 1:13-cv-555-RDM, 2016 WL 3023980 (D.D.C. May 25, 2016), at *5. Here, Defendant has determined that Exemption 3 applies on a categorical basis to prevent the disclosure of the records at issue. However, to determine the applicability of other FOIA exemptions, and whether non-exempt portions of responsive documents are "reasonably segregable," 5 U.S.C. § 552(b), would require a much more lengthy review process. In litigation before the U.S. District Court for the District of Columbia involving largely the same issues and documents as this case, Chief Judge Howell permitted the parties to move for summary judgment "limited to the applicability of Exemption 3" without prejudice to Defendant's ability to subsequently assert other bases for withholding, if appropriate. *See* Minute Order (paperless), *Gannett Satellite Information Network, LLC v. U.S. Dep't of Justice*, No. 1:22-cv-00475-BAH (D.D.C. May 31, 2022).

- Proposed motion deadlines:
    - Defendant to file its motion for summary judgment, limited to the applicability of Exemption 3 (including adequacy of Defendant's search for responsive records) on or before May 4, 2023.

- Plaintiffs to file their combined opposition to Defendant's motion for summary judgment and cross-motion for partial summary judgment on the applicability of Exemption 3 on or before June 19, 2023.
- Defendant to file its reply in support of its summary judgment motion on or before July 19, 2023.
- Plaintiffs to file their reply in support of their cross-motion for partial summary judgment on or before August 18, 2023.
- Hearing on the motion on or after August 21, 2023.
- Should the Court determine at summary judgment that Exemption 3 does not apply, the Parties respectfully request that they be permitted to file a Joint Status Report proposing a schedule for further proceedings within 30 days of this Court's summary judgment order.

**E. Settlement**

- Efforts to settle or resolve the case to date (Local Rule 26-1(c)): The parties agree that settlement of this case would be premature pending resolution of the applicability of FOIA Exemption 3 to the documents at issue. Should the Court determine on summary judgment that Exemption 3 does not apply, the parties will meet and confer to determine whether any remaining issues in the case may be amenable to resolution leading to dismissal of this action.
- Recommended settlement procedure (Local Rules 26-1(c) and 16-15): The parties agree that mediation would not be fruitful at this stage of the case, for the reasons discussed above. For purposes of compliance with the Court's Order (ECF 5), the parties would request option 2, a mediation before an attorney from the Attorney Settlement Panel.

**F. Trial**

- Estimated length of trial (Local Rule 26-1(d)): The parties believe this FOIA case should be resolved by summary judgment. However, for purposes of compliance

with this Scheduling Order, the parties estimate a 1-2 day trial.

- Any trial will be to the Court.
- Trial date: The parties believe this FOIA case should be resolved by summary judgment and that trial will not be necessary.

**G. Additional Parties and Claims for Relief**

The parties do not anticipate the need to add additional parties or claims for relief but propose a deadline of June 19, 2023. (Local Rule 26-1(e)). The parties propose a deadline of June 19, 2023, for amending the pleadings.

**H. Certification as to Interested Parties or Persons**

Plaintiff filed the "Certification as to Interested Parties or Persons" required by Local Rule 7.1-1 on November 28, 2022, *see* ECF 3, and reported that The Appeal, Inc. is a private, non-governmental entity with no corporate parents, affiliates and/or subsidiaries which are publicly held, and therefore no publicly-held corporation owns 10% or more of its stock. Defendant is not required to file a certificate under Local Rule 7.1-1 or Federal Rule of Civil Procedure 7.1.

**I. Lead Trial Counsel Certification**

Lead Trial Counsel are registered ECF users. The email address of record for Lead Trial Counsel for Plaintiffs is thomasburke@dwt.com, and for Defendant is cormac.a.early@usdoj.gov.

Dated: March 3, 2023

THOMAS R. BURKE
SARAH E. BURNS

*/s/ Leena M. Charlton*

LEENA M. CHARLTON

Attorneys for Plaintiffs
THE APPEAL. INC. and ETHAN COREY

Dated: March 3, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
CORMAC A. EARLY (D.C. Bar No. 1033835)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-7420
E-mail: Cormac.a.early@usdoj.gov

*/s/ Cormac A. Early*

CORMAC A. EARLY
Trial Attorney

Attorneys for Defendant United States Department of Justice's Office of Justice Programs

ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Cormac A. Early, am the ECF User whose ID and password are being used to file this JOINT RULE 26(F) REPORT. In compliance with Local Rules 5-4.3.4(a)(2), I hereby attest that Leena M. Charlton has concurred in this filing.

DATED: March 3, 2023

*/s/ Cormac A. Early*

CORMAC A. EARLY
Trial Attorney