

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 276-6599 fax

thomasburke@dwt.com

July 3, 2023

Honorable Wesley L. Hsu
First Street Courthouse
350 West First Street,
Courtroom 9B, 9th Floor
Los Angeles, CA 90012

Re: *The Appeal, Inc. and Ethan Corey v. United States Department of Justice – Office of Justice Programs*, No. 5:22-cv-02111-WLH

Dear Hon. Hsu:

We represent The Appeal, Inc. and Ethan Corey in the above-referenced matter. We are writing to request a conference with the Court regarding next steps.

Plaintiff Ethan Corey, a reporter at *The Appeal*, submitted several Freedom of Information Act requests for the records that are collected and held by the Department of Justice pursuant to the Death in Custody Reporting Act. The DCRA requires states to report the deaths of any person who is either detained, under arrest, in the process of being arrested, en route to be incarcerated, or is incarcerated at a municipal or county jail, state prison, state-run boot camp prison, boot camp prison that is contracted out by the state, or any state or local contract facility, or other local or state correctional facility (including any juvenile facility).

The requests were denied. The DOJ cited Exemption 3 as preventing the production of the requested documents. Exemption 3 permits the withholding of otherwise responsive documents where a statute either "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b) (3) (A).

On November 28, 2022, Plaintiffs filed a complaint seeking the production of documents.
The DOJ filed its answer on February 6, 2023, which reaffirmed its reliance on FOIA Exemption 3.

On March 3, 2023, the parties filed a Joint Status Report seeking a briefing schedule for partial summary judgment regarding Exemption 3, noting the DOJ's desire to file a second

J. Hsu
July 3, 2023
Page 2

motion for summary judgment related to any exemptions that may apply if and when the documents are produced.  In response, Judge Walter put the matter on the trial calendar and ordered the parties to mediate or confer regarding settlement by July 10, 2023.  Subsequently, our case was transferred from Judge Walter to Your Honor's court.

Importantly, on March 29, 2023, the Exemption 3 question was decided in a parallel matter being litigated by a different plaintiff in the District Court for the District of Columbia.  A true and correct copy of that decision is attached to this letter.  There, the court found that the Exemption does not apply to these documents and ordered the DOJ to begin producing documents.  The latest status report in that case was filed on June 12, 2023.  It appears the DOJ is "determin[ing] the method for processing potentially responsive records" and "continuing to evaluate its options in light of the Court's Order…including to seek reconsideration."  *Gannett Satellite Information Network v. U.S. Department of Justice*, No. 22-cv-475-BAH, ECF 24 (June 12, 2023).

Accordingly, the parties in this matter do not feel that mediation would be productive at this time.  Plaintiffs believe the issue is settled, Exemption 3 does not apply, and the DOJ must begin producing responsive documents.  And Defendant has not indicated any change of heart based on the D.C. opinion.  As of June 30, 2023, the DOJ indicated it was still planning to seek reconsideration of the D.C. case, and their position in this case remains that Exemption 3 applies to all responsive records.

Therefore, Plaintiffs are requesting either a conference with Your Honor to determine how best to move forward with the case, or an order vacating Judge Walter's order to mediate (*See* J. Walter's Order, ECF 24) and ordering the DOJ to produce the requested documents.

Sincerely,

*/s/ Thomas R. Burke*

Thomas R. Burke


cc: Cormac Early (via ECF)