BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
CORMAC A. EARLY (D.C. Bar No. 1033835)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-7420
E-mail: Cormac.a.early@usdoj.gov

Attorneys for Defendant
U.S. Department of Justice,
Office of Justice Programs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THE APPEAL, INC. and ETHAN COREY,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS,<br><br>　　　　　Defendant. | No. 5:22-cv-02111-WLH (AFM)<br><br>JOINT RULE 26(F) REPORT<br><br>Scheduling Conference: November 17, 2023<br>Time: 9:30 a.m.<br>Courtroom: 9B<br>Complaint: November 28, 2022<br>Answer: February 6, 2023<br>Proposed Trial Date: November 14, 2024<br><br>Hon. Wesley L. Hsu<br>United States District Judge |

Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs The Appeal Inc. and Ethan Corey and Defendant United States Department of Justice's Office of Justice Programs submit this report.

**1. Brief Statement of the Case**

This action seeks the release of records from Defendant the United States Department of Justice's Office of Justice Programs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Plaintiffs submitted three FOIA requests to Defendant seeking information submitted to the Bureau of Justice Statistics ("BJS") and the Bureau of Justice Assistance ("BJA") regarding deaths in custody, including pursuant to the Death in Custody Reporting Act of 2000 and the Death in Custody Reporting Act of 2013 ("DCRA 2013"). *See generally* Complaint (ECF 1). This case overlaps substantially with *Gannett Satellite Information Network, LLC v. U.S. Dep't of Justice*, No. 1:22-cv-475-BAH (D.D.C.) ("*Gannett*"), and involves many of the same documents and legal issues.

In searches in response to Plaintiffs' requests, Defendant has identified over 185,000 pages of potentially responsive records. *See* Complaint ¶¶ 21, 34. Defendant has determined that all records responsive to Plaintiffs' requests are exempt from disclosure pursuant to FOIA Exemption 3, which applies to records that are:

Specifically exempted from disclosure by statute (other than section 552b of this title) if that statute—

(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and

(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites this paragraph.

1

5 U.S.C. § 552(b)(3).

Defendant has also determined that additional FOIA exemptions likely apply to the requested records, and proposes to complete processing of responsive records by January 31, 2024.

This case was previously assigned to Judge Walter. The parties submitted a Rule 26(f) report dated March 3, 2023, proposing to resolve the applicability of Exemption 3 in partial summary judgment motions and to defer the resolution of any additional issues pending the outcome of those motions. ECF 22. Judge Walter ordered the parties to complete mediation by July 10, 2023. ECF 23.

On March 29, 2023, the D.C. District Court in *Gannett* held that Exemption 3 did not apply to documents submitted under DCRA 2013, and Defendant subsequently agreed to complete processing of responsive records in that case by October 26, 2023. The parties conferred and agreed that mediation would not be productive in this case; accordingly, Plaintiff moved for a status conference to determine next steps in this case. ECF 26. The Court scheduled a conference for July 14, 2023. ECF 28. The parties, by joint stipulation, agreed to re-schedule the conference, first to August 25, 2023, ECF 32, and then to November 17, 2023, ECF 34.

In light of the October 26, 2023, processing deadline in *Gannett*, the parties agreed that the processing of records in that case would assist the parties in clarifying the issues in this case that may require judicial resolution, and jointly stipulated to vacating the scheduling order. ECF 34. The Court vacated the existing deadlines in this case and ordered a new Rule 26(f) report. ECF 35; ECF 36 (clarifying deadline).

The parties are in agreement that this case may appropriately be resolved on summary judgment motions after Defendant has completed processing responsive records. *See Animal Legal Defense Fund v. U.S. FDA*, 836 F.3d 987, 989 (9th Cir. 2016) (*en banc; per curiam*) ("Most FOIA cases are resolved by the district court on summary judgment, with the district court entering judgment as a matter of law.").

**2. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction under 5 U.S.C. § 552, 5 U.S.C. § 702, and 28 U.S.C. § 1331. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

**3. Legal Issues**

    **a.** Whether Defendant conducted an adequate search reasonably calculated to uncover relevant documents;

    **b.** Whether Defendant properly withheld records or portions of records under the FOIA's exemptions, 5 U.S.C. § 552(b).

**4. Parties, Evidence, etc.**

- Plaintiffs: Ethan Corey; The Appeal, Inc. Plaintiffs filed the "Certification as to Interested Parties or Persons" required by Local Rule 7.1-1 on November 28, 2022, *see* ECF 3, and reported that The Appeal, Inc. is a private, non-governmental entity with no corporate parents, affiliates and/or subsidiaries which are publicly held, and therefore no publicly-held corporation owns 10% or more of its stock.

- Defendant: United States Department of Justice's Office of Justice Programs.

- Witnesses: The parties agree that this case may be resolved on summary judgment, and will not require witnesses. To meet its burden, the agency may rely on affidavits or declarations and other evidence which show that the documents are exempt from disclosure. *Lane v. DOJ*, 523 F.3d 1128, 1135-36 (9th Cir. 2008). Summary judgment may be granted solely on the basis of agency affidavits or declarations if they contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption. *Id.* at 1136 (citing *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987)) ("district court need look no further").

3

- Key documents: Agency affidavits or declarations establishing the adequacy of Defendant's search and the basis for withholding.

**5. Damages**

The parties agree that damages are not at issue in this case. Plaintiffs seek only declaratory and injunctive relief, and an award of costs and fees, under the FOIA. ECF 1 at 9-10. The waiver of sovereign immunity under the FOIA gives the Court jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiffs. 5 U.S.C. § 552(a)(4)(B); *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995).

**6. Insurance**

There is no insurance for this matter.

**7. Motions**

**a. Procedural Motions**

The parties do not anticipate any motions seeking to add other parties or claims, or to file amended pleadings, transfer venue, or challenge the court's jurisdiction.

**b. Dispositive Motions**

The parties agree that this case may be resolved on summary judgment. Pursuant to the Court's Standing Order for Motions for Summary Judgment, the parties propose the following deadlines:

- Defendant to complete processing and produce responsive records, with exempt portions redacted, on or before January 31, 2024.
- The parties to meet and confer on or before February 28, 2024
- Defendant, as moving party, to submit Defendant's portion of the Joint Brief on or before March 13, 2024
- Plaintiffs to submit their portion of the Joint Brief on or before April 10, 2024
- Defendant to file the Joint Brief on or before April 15, 2024

4

- Defendant's reply due on or before April 24, 2024
- Motion Hearing on or before June 7, 2024

### c. Class Certification Motions

Not applicable.

## 8. Manual for Complex Litigation

The parties do not believe the procedures contemplated in the *Manual for Complex Litigation* are necessary in this case.

## 9. Discovery

### a. Status of Discovery

Both parties have all of the relevant administrative records consisting of the correspondence between Plaintiffs and Defendant in regard to Plaintiffs' FOIA requests. The parties agree that the records do not need to be reproduced at this time.

### b. Discovery Plan

The parties agree that because this is a FOIA action, the usual discovery process does not apply. FOIA cases are different from other civil matters subject to the discovery provisions of the Federal Rules of Civil Procedure because the government bears the burden to justify non-disclosure of documents. *See* 5 U.S.C. § 552(a)(4)(B); *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987). "While ordinarily the discovery process grants each party access to evidence, in FOIA ... cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. DOI*, 523 F.3d 1128, 1134 (9th Cir. 2008). Discovery is only appropriate where "an agency has not taken adequate steps to uncover responsive documents," and discovery requests will be denied "where an agency's declarations are reasonably detailed, submitted in good faith, and the court is satisfied that no factual dispute exists." *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008) (citations and quotations omitted).

5

Thus, discovery is greatly restricted in FOIA actions and is generally limited to the scope of an agency's search, its indexing and classification procedures, and similar factual matters. *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). Moreover, permissible discovery concerning such factual issues generally takes place, if at all, after the government moves for summary judgment and submits supporting affidavits and memorandum of law. *See, e.g.*, *Lane*, 523 F.3d at 1134-35 (holding that district court's "delay of discovery" with respect to plaintiffs FOIA claim until after summary judgment "was certainly within its discretion).

Accordingly, Defendants request that the Court stay the scheduling of any discovery until after briefing is completed on summary judgment.

### c.  Discovery Cut-off

As stated above, the parties agree that any discovery should be stayed until after any summary judgment motion has been decided.

### d.  Expert Discovery

The parties at this time do not intend to retain experts. The parties respectfully request that the requirement to propose deadlines for providing the identity of any expert as required by Rule 26(a)(2)(A) be stayed pending resolution of the cross-motions for summary judgment on Exemption 3, as discussed under "7(b). Dispositive Motions" above.

### e.  Settlement Conference / Alternative Dispute Resolution (ADR)

Efforts to settle or resolve the case to date (Local Rule 26-1(c)): The parties agree that this case is not amenable to settlement at this time, because Defendant takes the position that all records responsive to Plaintiffs' FOIA requests are specifically exempted from disclosure by statute, and thus subject to FOIA Exemption 3.

Recommended settlement procedure (Local Rules 26-1(c) and 16-15): The parties agree that mediation would not be fruitful in this case, for the reasons discussed above.

6

For purposes of compliance with the Court's Order (ECF 5), the parties would request option 1, a mediation before a magistrate judge

**f.  Trial**

    **i.  Trial Estimate:** The parties believe this FOIA case should be resolved by summary judgment. However, for purposes of compliance with the Scheduling Order, the parties estimate a 1-2 day trial.

    **ii.  Jury or Court Trial:** Any trial will be to the Court.

    **iii.  Consent to Trial Before a Magistrate Judge:** The parties do not agree to proceed before a magistrate judge.

    **iv.  Lead Trial Counsel:** Thomas Burke of Davis Wright Tremaine LLP will serve as lead trial counsel for Plaintiffs. Plaintiffs anticipate that other attorneys from Davis Wright Tremaine LLP may also participate in trial, including Leena Charlton.

Cormac Early, Trial Attorney in the U.S. Department of Justice's Federal Programs Branch, will serve as lead trial counsel for Defendant.

**g.  Independent Expert or Master**

The parties do not believe an independent expert or special master is needed in this case.

**h.  Other Issues**

The *Gannett* litigation in D.C. involves many of the documents and legal issues relevant to this case. However, the parties do not anticipate that any decision in *Gannett* will fully resolve this case, because Plaintiffs here seek documents that are not at issue in *Gannett*.

Dated:  November 3, 2023    THOMAS R. BURKE
                                    SARAH E. BURNS

7

|    |    |    |
|----|----|----|
| 1  |    | */s/ Leena M. Charlton* |
| 2  |    | LEENA M. CHARLTON |
| 3  |    | Attorneys for Plaintiffs |
| 4  |    | THE APPEAL, INC. and ETHAN COREY |

Dated:  November 3, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
CORMAC A. EARLY (D.C. Bar No. 1033835)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-7420
E-mail: Cormac.a.early@usdoj.gov

*/s/ Cormac A. Early*

CORMAC A. EARLY
Trial Attorney

Attorneys for Defendant United States
Department of Justice's Office of Justice
Programs

## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Cormac A. Early, am the ECF User whose ID and password are being used to file this JOINT RULE 26(F) REPORT. In compliance with Local Rules 5-4.3.4(a)(2), I hereby attest that Leena M. Charlton has concurred in this filing.

DATED:  November 3, 2023

*/s/ Cormac A. Early*

CORMAC A. EARLY
Trial Attorney

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court _ORDERS_ the parties to make every effort to agree on dates.**

**Case No.** 5:22-cv-02111 | **Case Name:** The Appeal, Inc. and Ethan Corey v. United States Department of Justice's Office of Justice Programs

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one: ☐ Jury Trial or ☑ Court Trial ☐ Magistrate Judge (_**Tuesday**_ at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 1-2 Days | 11/14/2024 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (_**Friday**_ at 3:00 p.m., at least 18 days before trial) | 10/24/2024 | |

| Event [1] Note: Hearings shall be on _**Fridays**_ at 1:30pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to _Hear_ Motion to Amend Pleadings / Add Parties [Friday] | | 12/01/2023 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 04/24/2024 | |
| Expert Disclosure (Initial) | 16 | 07/08/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 07/22/2024 | |
| Expert Discovery Cut-Off | 14 | 08/08/2024 | |
| Last Date to _Hear_ Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 06/07/2024 | |
| Last Date to _Hear_ _Daubert_ Motions | 8 | 08/29/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] _Select_ one: ☑ 1. Magistrate Judge _(with Court approval)_ ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 09/26/2024 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions _In Limine_ (except _Daubert_) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 09/26/2024 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 10/10/2024 | |

---

1  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.