BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
EITAN R. SIRKOVICH (DC Bar No. 90030102)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 353-5525
E-mail: Eitan.R.Sirkovich@usdoj.gov

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JOHN C. KOREVEC (Cal. Bar No. 310157)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-7423
E-mail: john.korevec@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THE APPEAL, INC. and ETHAN COREY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS,<br><br>Defendant. | No. 5:22-cv-02111-WLH-SK<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE A REPLY BRIEF TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED CATEGORIES OF INFORMATION FOR WITHHOLDING PURSUANT TO EXEMPTION 6**<br><br>Hon. Wesley L. Hsu<br>United States District Judge |

**Ex Parte Application for Defendant to File a Reply Brief in Support of Its Submission of Categories of Information for Withholding Pursuant to Exemption 6**

Defendant United States Department of Justice's Office of Justice Programs, by and through its undersigned counsel, applies ex parte under Local Rule 7-19 to be permitted to file a reply brief in support of its Submission of Categories of Information for Withholding Pursuant to Exemption 6, ECF No. 62 (hereinafter "Submission"), and in response to Plaintiffs' Objections to Defendant's Proposed Categories of Information of Withholding Pursuant to Exemption 6, ECF No. 64 (hereinafter "Objections"). Defendant respectfully requests that its reply brief be due on or by January 29, 2025. In addition, Defendant applies ex parte under Local Rule 7-19 for the Court vacate its existing pretrial deadlines and trial date. *See* ECF No. 65.

The reasons for this application are set forth in the concurrently filed memorandum of points and authorities.

**Notice:** Pursuant to Local Rule 7-19.1, Defense counsel contacted Plaintiffs' counsel by e-mail on January 15, 2025, in an attempt to resolve this issue through a joint stipulation. Plaintiffs' counsel responded that same day by e-mail and stated that they agreed to vacatur of the trial date and pretrial deadlines but would not stipulate to Defendant filing a reply brief. Plaintiffs' counsel requested Defense counsel to note that: "Plaintiffs oppose Defendant's request for a reply as the Court's prior orders do not contemplate Defendant's reply. While the Parties anticipated ongoing conferral about the redactions with the Court's guidance, that is not the purpose of a reply, which only

1

serves to further delay the release of the DCRA records." Defense counsel reached out to Plaintiffs' counsel again by e-mail on January 17, 2025, and asked if Plaintiffs would stipulate to a reply brief by Defendant if Plaintiffs were afforded a surreply brief. Defense counsel further noted that Defendant intended to file an ex parte application to permit Defendant to file a reply if Plaintiff would not agree to a stipulation. Per this Court's procedures, Defense counsel also informed Plaintiffs' counsel in that same e-mail that opposing papers were to be filed no later than forty-eight (48) hours following service of the ex parte application or by 3:00 p.m. on the first court day after service, whichever is later. On January 17, 2025, Plaintiffs' counsel responded and reiterated that Plaintiffs would not stipulate to a reply. Per the requirement under Local Rule 7-19.1 that attorneys "make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application," Defense counsel then spoke with Plaintiffs' counsel by phone on January 17, 2025 and informed counsel of the substance of this application.

**Plaintiffs' Counsel Contact Information:** Defense counsel provides the following contact information for Plaintiffs' counsel as required by Local Rule 7-19: Plaintiffs are represented by:

Thomas Rohlfs Burke, Davis Wright Tremaine LLP, 50 California Street 23rd Floor, San Francisco, CA 94111. His telephone number is 415-276-6500 and his e-mail is Thomasburke@dwt.com.

Leena M. Charlton, Davis Wright Tremaine LLP, 1251 Avenue Of The Americas,

21st Floor, New York, NY 10020. Her telephone number is 212-489-8230 and her e-mail is Leenacharlton@dwt.com.

Sarah E. Burns, Davis Wright Tremaine LLP, 50 California Street 23rd Floor, San Francisco, CA 94111. Her telephone number 623-680-0693 and her e-mail is Leenacharlton@dwt.com.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's Submission, filed on December 5, 2024, submitted its proposal for categories of information to withhold under Freedom of Information Act ("FOIA") Exemption 6. Specifically, Defendant asserted that certain direct personally identifiable information ("PII"), such as names and birth dates about decedents, did not marginally advance the public interest recognized by this Court and should be withheld. In addition, Defendant identified categories potentially requiring partial withholding such as direct PII concerning the decedent or third parties, and certain detailed medical information about a decedent not directly related to his or her cause of death. Defendant further explained the heightened privacy interests of those third parties and the sensitivity regarding the disclosure of certain medical information unrelated to a decedent's cause of death.

In response, Plaintiffs submitted Objections on January 10, 2025. Those objections, *inter alia*: claimed that Defendant had proffered a mosaic theory for nondisclosure not explicitly advanced by Defendant; asserted that the application of the marginal usefulness doctrine was not appropriate; asserted that redactions of names and birth dates were inappropriate despite this Court previously recognizing that they were, ECF No. 54 at 17; asserted that Defendant could not redact the names of senior law enforcement officers and administrators; and rejected Defendant's proposal to avoid disclosure of sensitive medical history and criminal history unrelated to the cause of death.

Defendant respectfully submits that it be allowed to reply to Plaintiff's Objections and that this brief be due on or by January 29, 2025. Plaintiff's Objections raised legal and practical issues otherwise not addressed in Defendant's Submission or that could not otherwise have been foreseen and discussed in that Submission. For instance, Plaintiff raised the issue of whether Defendant could release the names of senior law enforcement officers and administrators—an issue not initially addressed in Defendant's Submission. Likewise, Plaintiff's Objections claimed that redactions of decedents' names and birth dates were improper despite this Court's Order seemingly suggesting that this issue was settled. Thus, a reply would help further hone the issues before the Court and aid the Court's decisional process. *See, e.g.*, *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file sur-reply because it "helped to crystalize the disputed issues"); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014) (granting leave to file sur-reply "in the interests of completeness and judicial efficiency").

Vacatur of the existing pretrial deadlines and trial date, which Plaintiffs agree to, would also aid the decisional process. As the parties have maintained throughout this action, this FOIA case should be resolved by summary judgment rather than trial. *See* ECF Nos. 22, 37; *see also Los Angeles Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 893 (C.D. Cal. 2006) ("Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.") (citation omitted). To the extent, however, that the Court deems trial appropriate in this matter, Defendant submits that any trial in

5

the matter is not appropriate until the Court has ruled on the pending submissions regarding Exemption 6, which will determine what issues, if any, remain in the case. Indeed, the Court previously vacated pretrial deadlines and held that those deadlines would only be reset following a final ruling on the motion for summary judgment, further highlighting that the Court's ruling on the upcoming submissions will impact what issues are left in this action and any potential trial. *See* ECF No. 55.

      A proposed order accompanies this filing.

*/s/ Eitan R. Sirkovich*

_____
EITAN R. SIRKOVICH
Trial Attorney

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2025, a copy of the foregoing document was filed electronically via the Court's ECF system.

*/s/ Eitan R. Sirkovich*
_____
EITAN R. SIRKOVICH