THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:thomasburke@dwt.com

CYDNEY S. FREEMAN (State Bar No. 315766)
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:    (213) 633-6800
Facsimile:    (213) 633-6899
Email:cydneyfreeman@dwt.com

LEENA M. CHARLTON (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
Telephone:    (212) 489-8230
Facsimile:    (212) 489-8340
Email:leenacharlton@dwt.com

*Attorneys for Plaintiffs*
THE APPEAL, INC., and ETHAN COREY

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| THE APPEAL, INC., and ETHAN COREY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE'S OFFICE OF JUSTICE PROGRAMS, <br><br> Defendant. | Case No. 5:22-cv-02111-WLH-SK <br><br> **REQUEST FOR CLARIFICATION** <br><br> Hon. Wesley L. Hsu <br> United States District Judge |

DAVIS WRIGHT TREMAINE LLP

Plaintiffs The Appeal, Inc. and Ethan Corey ("Plaintiffs") respectfully request clarification of this Court's April 8, 2026 order (the "Order"), which directs the Parties to "continue to litigat[e] this action diligently," while the motion of Defendant U.S. Department of Justice Office of Justice Programs ("Defendant") for relief pursuant to Rule 60(b) is under consideration.  ECF No. 103.  Plaintiffs interpret the Order as a return to the status quo, requiring Defendant to resume production of the records responsive to Plaintiffs' FOIA requests, as directed in this Court's final summary judgment orders.  *See* ECF Nos. 54, 92, 93.  Defendant disagrees.[1]

On July 28, 2025, this Court entered its final order for the Parties' summary judgment motions in this FOIA matter.  ECF No. 92.  That order affirmed the Court's prior order finding that the Death in Custody Records Act records were disclosable under FOIA, *see* ECF No. 54, and set parameters for redactions pursuant to Exemption 6.  *Id.* at 12-17.  On September 2, 2025, the Parties submitted a joint status report wherein Defendant agreed to fulfill its production obligations by producing 4,000 rows of data every two weeks.  ECF No. 93.  According to the DOJ's estimate, production would be complete after 10 productions—*i.e.*, by the end of January 2026.  *Id.* at 2.  The first dataset was produced on September 12, 2025.  However, because of delays caused by the government shutdown, the seventh production was produced on January 22, 2026.  In the three months since then, Plaintiffs have not received a production.

On February 5, 2026, when the next production was due, Defendant informed

---

[1] The Parties have met and conferred regarding the substance of this submission, pursuant to L.R. 7-3.

1

Plaintiffs that it believed the National Defense Authorization Act "protect[ed] any information provided to OJP under any law from public disclosure."[2] After a meet and confer, Defendant unilaterally decided it would pause production. On February 13, 2026, Defendant notified the Court that it intended to file a motion for relief under Rule 60(b) and that it "intends to pause its biweekly data productions… until the Court has the opportunity to rule on the forthcoming motion." ECF No. 94 at 2. Plaintiffs opposed this pause. *See* ECF No. 95 at 2. The Court did not endorse or otherwise approve Defendant's notice. Defendant's unilateral pause of production has now persisted for over 12 weeks.

The Parties stipulated to an April 10, 2026 return date for the Rule 60(b) motion, and the motion was fully briefed on March 27, 2026. ECF No. 97. On April 8, 2026, this Court vacated oral argument and stated that it "expects the parties to continue litigating this action diligently, while awaiting the court's ruling on this motion."[3] ECF No. 103. Because there are no other substantive motions or matters at issue, Plaintiffs interpreted the Court's instruction as a return to the status quo and requested that Defendant resume its productions. Defendant refused, reasoning that its "notice specifically invited the Court to rule that productions must continue during the pendency of the motion if it believed they must, and it took no action." However, Plaintiffs' do not believe an opposed proposal that has not been addressed by the Court justifies

---

[2] Uncited quotations reflect statements from email correspondence with Defendant.

[3] The Court has since rescheduled oral argument for May 8, 2026, ECF No. 104, and a stipulation for continuance of that date is pending before the Court. *See* ECF No. 105.

continuing Defendant's self-imposed stay of its production obligations.  It is unquestionable that only the Court has the authority to amend a party's obligation pursuant to a final order or to stay proceedings or the execution of judgment.  *See Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1027 (N.D. Cal. 2015) ("Whether to issue a stay pending appeal is 'an exercise of judicial discretion ... to be guided by sound legal principles.'") (citing cases); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"); *see also* F.R.C.P. Rules 54 and 62.  A party may not unilaterally do so.  That is especially true where, like here, the Plaintiffs' opposition to the stay is on the record and the Court has not endorsed or so-ordered Defendant's proposal.

Therefore, Plaintiffs seek clarification of the Court's Order and whether Defendant must, unless and until this Court orders differently, immediately resume production per the Court's final order, including immediate production of records processed while the Rule 60(b) motion was briefed.  *See* ECF No. 54; *see also* ECF Nos. 92, 93, 94.

DATED: April 23, 2026                          DAVIS WRIGHT TREMAINE LLP

By: */s/ Thomas R. Burke*

Thomas R. Burke
*Attorneys for Plaintiffs*

3