UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:22-cv-02111-WLH-SK | Date | June 17, 2026 |
|---|---|---|---|
| Title | *The Appeal, Inc. et al. v. United States Department of Justice's Office of Justice Programs* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR RELIEF FROM FINAL JUDGMENT [95]**

The Court is in receipt of the United States Department of Justice (the "DOJ") Office of Justice Programs' ("Defendant" or "Defendant OJP") Motion for Relief from Final Judgment. (Motion, Dkt. No. 95). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 29 at 15). For the reasons stated herein, the Defendant's Motion is **GRANTED**.

## I.    BACKGROUND

This case concerns three Freedom of Information Act ("FOIA") requests for death-in-custody data, submitted by Plaintiff The Appeal, Inc. ("Plaintiff Appeal") and its employee Ethan Corey ("Plaintiff Corey") (collectively, "Plaintiffs") to Defendant. Defendant denied Plaintiffs' FOIA requests, contending that they fall within enumerated exemptions under FOIA. Specifically, Defendant withheld FOIA requests pursuant to Exemptions 3 (statutory withholding), 6 (privacy), and 7 (law enforcement privilege). (*See generally*, Joint Appendix of Facts ("JAF"), Docket No. 44-2; *see also* Compl., Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

No. 1).  On November 28, 2022, Plaintiffs filed this instant action challenging the withholding of records as a violation of FOIA.  (*See generally*, Compl.).  On October 15, 2024, the Court concluded that "Exemption 3 applies to Plaintiffs' first FOIA request, but only with respect to the data collected by [Bureau of Justice Statistics (the "BJS")] from 2006–2015." (First Summary Judgment Order, Dkt. No. 54 at 17).  The Court further stated that "Exemption 3 does not bar disclosure of data furnished under the [Death in Custody Reporting Act (the "DCRA")]." (*Id*.).  "Exemption 7(c) does not apply to Plaintiffs' three FOIA requests." (*Id*.).  The Court also stated that, although "Exemption 6 applies to all three of Plaintiffs' FOIA requests, Defendant failed to provide reasonably segregable, non-exempt data." (*Id*. at 18).  Accordingly, the Court ordered for the Parties to meet and confer, and the Court would subsequently "rule category by category as to which data must be redacted in compliance with FOIA's Exemption 6" at a later date. (*Id*.).

On July 28, 2025, this Court issued an order, permitting Defendant to withhold certain personal identifiable information ("PII") pursuant to Exemption 6.  (Final Judgment Order, Dkt. No. 92 at 31).  The Court required Defendant to "produce the data set [requested under FOIA] in its entirety, except for [specific] withholdings and redactions" described by the Court previously. (*Id*.).  Defendant filed this instant Motion seeking relief from its production obligations pursuant to Federal Rule of Civil Procedure 60(b).  (Mot. at 1).  Specifically, Defendant contends that the Court's conclusion as to Exemption 3 should be revisited in light of amendments to the Privacy Provision (Section 10231(a)) under Title I of the Omnibus Crime Control and Safe Streets Act of 1968 ("CCA"), by Section 8205(b) of the National Defense Authorization Act for Fiscal Year 2026 ("NDAA"), which amends the Privacy Provision as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

> No officer or employee of the Federal Government, and no recipient of assistance under the provisions of [34 U.S.C. § Subt. I, Ch. 101] shall use or reveal any research or statistical information **furnished under any law to any component of the Office of Justice Programs, or furnished otherwise under [34 U.S.C. § Subt. I, Ch. 101]**, by any entity or person, including any information identifiable to any specific private person, for any purpose other than the purpose for which it was obtained in accordance with [34 U.S.C. § Subt. I, Ch. 101]. Such information and copies thereof shall be immune from legal process, and shall not, without the consent of the **entity or person furnishing such information or to whom such information pertains**, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceedings.

*See* 34 U.S.C. § 10231(a) (revised) (emphasis added).

The amendment applies retroactively and "shall take effect for all purposes as if enacted on December 27, 1979," and will "apply to any matter pending, before the Department of Justice or otherwise, as of the date of enactment of this Act [i.e., December 18, 2025]." NDAA, Pub. L. No. 119-60, Sec. 8205(b), 179 Stat 718, 1849 (2025).  Defendant now seeks relief from final judgment under Federal Rules of Civil Procedure Rule 60(b).  Plaintiffs filed an Opposition (Opp'n, Dkt. No. 100), and Notice of Supplemental Authority (Notice, Dkt. No. 101), on March 20, 2026, and March 23, 2026, respectively.  On March 27, 2026, Defendant filed a reply brief.  (Reply, Dkt. No. 102).

## II.    LEGAL STANDARD

Pursuant to Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:  "(1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud . . ., misrepresentation, or misconduct by an opposing party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Similarly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Local Rule 7-18 directs that a motion for reconsideration may only be made on grounds of: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7–18. "The party moving for relief under Rule 60(b) bears the burden of establishing grounds for relief." *Nguon v. Glynn*, 2022 WL 17652837, at *1 (S.D. Cal. Dec. 13, 2022)

## III.    DISCUSSION

"Rule 60 reconsideration is generally appropriate in three instances: 1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Here, Defendant argues that applying the final judgment or order "prospectively is no longer equitable," because the Privacy Provision has been amended to exempt disclosure. (Mot. at 5). The Court agrees and finds that applying its final order "prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). For the reasons stated herein, the Defendant's Motion is **GRANTED**.

### A. Plain Reading

In the First Summary Judgment Order, the Court concluded that the Privacy Provision qualifies for withholding records under FOIA's Exemption 3 but stated that the data collected pursuant to the DCRA, which was inactive from 2006–2015, is not "furnished under" Title I of the CCA. (First Summary Judgment Order at 7–8). The Court stated, however, that the Privacy Provision applies to "the DCRA-type data

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

collected from 2006 until 2015 when the DCRA was revived." (*Id*. at 9). In reaching its conclusion, the Court reviewed the Privacy Provision which stated at the time:

> No officer or employee of the Federal Government, and no recipient of assistance under the provisions of this chapter shall use or reveal any research or statistical information furnished under this chapter by any person and identifiable to any specific private person for any purpose other than the purpose for which it was obtained in accordance with this chapter. Such information and copies thereof shall be immune from legal process, and shall not, without the consent of the person furnishing such information, be admitted as evidence or used for any purpose in any action, suit, or other judicial, legislative, or administrative proceedings.

*See* 34 U.S.C. § 10231(a) (2017).

Since the First Summary Judgment Order, the Privacy Provision has been amended, and Defendant now contends that under a plain reading of the NDAA warrants relief from Defendant's production obligations. Specifically, Defendant argues that the language "furnished under any law" eliminates the need to discern whether data was "furnished under" the CCA or DCRA. (Mot. at 6). Defendant also asserts that the amendments to the Privacy Provision "now protect[] from disclosure all identifiable statistical information 'furnished otherwise' to the Office of Justice Programs, eliminating any need to identify a relevant statute." (*Id*.). The Court agrees. A plain reading of the statute indicates Congress intended to embrace the entire panoply of all laws and all identifiable statistical information "furnished otherwise" to "any component of the Office of Justice Programs." Black's Law Dictionary defines the word "any" as "[s]ome; one out of many; an indefinite number. One indiscriminately of whatever kind or quantity." Black's Law Dictionary, 94 (6th ed., 1990). Based on the natural reading of the statute, Congress' use of the word "any" signifies that it intended for the statute to include *all* laws and *all* components of the Office of Justice Programs ("OJP"). *See, e.g.*, *United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning[ ] . . . ."); *see also United States v. Cox*, 963 F.3d 915, 921 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

2020) (noting that the Supreme Court has observed the word "any" has an expansive meaning, that is, "one or some indiscriminately of whatever kind").  The word "any" has an expansive effect on the word that it modifies; it is used to signal an expansive reach.  This interpretation is further supported by the fact that Congress did not include any language in the Privacy Provision limiting the breadth of the word "any."

Plaintiffs contend that Defendant's reading of the statute will lead to results that Congress could not have intended.  Their arguments rests on a statement made by Senator Amy Klobuchar, who sponsored Section 8205 (also known as the Honoring Our Fallen Heroes Act).  (*See* Notice at 1).  Senator Klobuchar stated that it was not Congress' intent to prohibit the disclosure of DCRA data made pursuant to a FOIA request.  (*See* Notice at 1).  But when the language of a statute is clear and unambiguous, there is no need to resort to reviewing Congressional records (let alone the statement from one Senator) to surmise congressional intent.  *See Ex parte Collett*, 337 U.S. 55, 61 (1949) (noting that "there is no need to refer to the legislative history where the statutory language is clear"); *see also Heppner v. Alyeska Pipeline Serv. Co.*, 665 F.2d 868, 870–71 (9th Cir.1981) ("When confronted with a statute which is plain and unambiguous on its face, [courts] ordinarily do not look to legislative history as a guide to its meaning.") (citation omitted); *Easson v. Comm'r*, 294 F.2d 653, 656 (9th Cir.1961) ("When a statute is unambiguous, the courts may not look elsewhere for the legislative intent.").

Plaintiffs assert that Defendant improperly ignores "the restricting language" in the phrase "furnished otherwise under [Chapter 101]."  (Opp'n at 16) (citation modified).  Plaintiff contends "[i]n doing so, [Defendant] suggests that any information OJP possesses is exempt from FOIA."  (*Id.*) (citation modified).  Plaintiffs' reading is incorrect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiffs fail to consider that when "or" is used in connection with a list, the word ordinary connotes disjunction. "In construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1955) (citation omitted). "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise." *Id*. Here, context does not dictate otherwise. Congress' use of the word "or" suggests that each provision was "was not intended to modify" the other. *Id*. In other words, the phrase "furnished otherwise under [Chapter 101]" was not intended to restrict the phrase "furnished under any law to any component of the Office of Justice Programs." 34 U.S.C. § 10231(a). While this Court is sympathetic to Plaintiffs' concern that such a reading would mean that "the Attorney General could prohibit disclosure of any record it wanted by routing it to OJP," if Congress wanted to narrow the Privacy Provision, it could have written the statute in such a way. (Opp'n at 18). Congress did not, and the Court cannot read the statute narrowly when the plain text does not limit the prohibition on research or statistical information "furnished under any law to any component of the Office of Justice Programs." 34 U.S.C. § 10231(a).

**B. Statutory Exemption from Disclosure**

Congress passed Open FOIA in October 2009. *See* Department of Homeland Security Appropriations Act, 123 Stat. at 2184. OPEN FOIA was amended Exemption Three to require that any law passed after the effective date of the Act to qualify as a withholding statute under Exemption Three. OPEN FOIA contains a legislative entrenchment: to be effective, any exemption from FOIA disclosure must "specifically cite[ ] to this paragraph [5 U.S.C. § 552(b)(3)(B)]" if enacted after the 2009 law. 5 U.S.C. § 552(b)(3)(B). The NDAA, however, states that the amendment "shall take

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

effect for all purposes as if enacted on December 27, 1979." Pub. L. No. 119-60, Sec. 8205(b).

Defendant contends that while the NDAA does not contain the "magic words expressly citing FOIA," the Court does not need to consider whether OPEN FOIA's citation requirement was met.  (Mot. at 7).  On the other hand, Plaintiffs argue that "Defendant's reliance on the NDAA . . . is misplaced," and that "Section 8205 is not an exemption statute and certainly not as applied to DCRA."  Specifically, Plaintiffs advance the argument that Exemption 3 does not apply because "both Section 8205 (enacted via the NDAA) and the new Section 10231(a)" do not include FOIA's "magic words requirement."  (Opp'n at 11-12).

In support of their argument, Plaintiffs cite to *Center for Investigative Reporting v. United States Department of Justice*, 14 F.4th 916 (9th Cir. 2021).  In *Center for Investigative Reporting*, the Ninth Circuit concluded that the statute at issue did not have an express citation to OPEN FOIA, and therefore, Exemption 3 did not apply to the statute.  There, the Ninth Circuit reviewed a statute that had no retroactive provision.

Plaintiffs' arguments are not tenable.  The NDAA and Privacy Provision is distinguishable from the statute at issue in *Center for Investigative Reporting. Id.* at 926–27.  A presumption against retroactive legislation exists unless "Congress has unambiguously instructed retroactivity."  *Vartelas v. Holder*, 566 U.S. 257, 266 (2012).  Here, Congress has unambiguously instructed that the statute apply retroactively, even though the NDAA was enacted on December 18, 2025, after the passage of OPEN FOIA in 2009.  Accordingly, the DCRA records that Defendant is obligated to produce does qualify as a statutory exemption.

Plaintiffs further argue that Congress failed to include the "magic words" expressly citing FOIA in the Privacy Provision of Title I of the CCA but included those words in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

other parts of the NDAA.  (Opp'n at 12-13).  The Court finds this argument unpersuasive. Congress' inclusion of the "magic words" elsewhere—such as in the South Pacific Tuna Fishing Act (16 U.S.C. § 973j) and Defense Production Act (50 U.S.C. § 4588) is distinguishable in our case.  *See, e.g.*, NDAA at 139 Stat. 1931, NDAA at 1931.  Here, Congress did not include the magic words because the Privacy Provision "undoubtedly is" the type of statute that invokes FOIA's Exemption 3.  *Gannett Satellite Info. Network, LLC v. Dep't of Justice, No. 22-cv-475 (BAH)*, 2023 WL 2682121, at *5 (Mar. 29, 2023); *see also* First Summary Judgment Order at 7.  As Defendant correctly point out "Congress legislated against the well-established background presumption that Title I of the CCA is an Exemption 3 statute, and it included a retroactivity provision to ensure this understanding was left unchanged."  (Reply at 12).

Plaintiffs also argue,[1] *arguendo*, that for the amended Privacy Provision to exempt disclosure, Defendant must prove that "the requested information falls within the scope of the statute."  (Opp'n at 15) (citation omitted).  Plaintiffs further contend DCRA records were not furnished "'under any law'" or Chapter 101 [of the CCA] to OJP and are disclosed 'for the purposes for which they were obtained.'" (*Id.*).  The Court had previously agreed with Plaintiffs that the data collected pursuant to the DCRA is not "furnished under" Title I of the CCA because the BJS created Mortality in Correctional Institutions ("MCI") pursuant to the enactment of the DCRA in 2000.  (First Summary Judgment Order at 10).[2]  The Court also concluded that "the Privacy Provision applies to

---

[1] Plaintiffs assert that the Privacy Provision's "protection is limited to disclosures 'other than the purpose for which it was obtained.'" (Opp'n at 16).  But the Court has already rejected that argument in the First Summary Judgment Order and sees no reason to revisit it.  (First Summary Judgment Order at 9).

[2] Plaintiffs now contend that "DCRA records were not furnished under 'any law'… to OJP," because "DCRA mandates data collection by the Attorney General." (Opp'n at 15).  Defendant argues that "[i]t makes no difference whether the statute directly authorized OJP to collect the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the DCRA-type data collected during those years [between 2006 and 2015]" because the BJS continued to collect DCRA-type data from 2006 until 2015 despite the DCRA's inactive status.[3] (*Id*. at 9).  But, because the amended Privacy Provision now exempts disclosure of any research or statistical information "under any law to any component of the Office of Justice Programs," the Privacy Provision now applies to *all* DCRA records. "Any law" includes both the CCRA and DCRA, and "any component of the Office of Justice Programs" includes the BJS.

### C. Application

The NDAA amending the Privacy Provision "appl[ies] to any matter pending, before the Department of Justice or otherwise, as of the date of enactment of this Act [i.e., December 18, 2025]." Pub. L. No. 119-60, Sec. 8205(b).  Plaintiffs dispute that this instant action is "pending, before the Department of Justice or otherwise, as of the date of enactment of this Act" because the Court issued its Final Summary Judgment Order on July 28, 2025.  (Opp'n at 10).  But, as Defendant correctly points out, "Parties have agreed to reserve any objections to the ongoing productions until the process is complete, at which point they intend to bring any issues they are unable to resolve on their own to the Court's attention."  (Reply at 13).  Because the ongoing production is still pending, this action is still "pending, before the Department of Justice or otherwise."

---

data or the Attorney General, who in turn delegated the authority to OJP."  (Reply at 8). The Court agrees. The Attorney General, through the OJP, established MCI program to collect the DCRA-mandated information.  The Court has also already found that that "purpose for which the data was obtained, within the meaning of the Privacy Provision, is for 'statistical analysis by BJS and BJA, not by the public at large'" and that the BJS is a component of the OJP. (First Summary Judgment Order at 9).  As a result, DCRA-mandated information passes through the OJP and is furnished to the OJP by "any law."  Moreover, Plaintiffs fail to point to any statute where data would be furnished directly to the OJP and covered by the amendment under their reading of the text, rendering the language at issue superfluous.

[3] The DCRA expired in 2006 and was later revived in 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** as follows:

1.    The Court's Final Order on Summary Judgment (Dkt. No. 92), is hereby **VACATED**;

2.    Defendant is hereby relieved of its obligation to continue processing and producing data responsive to Plaintiffs' FOIA requests; and

3.    The Parties are **ORDERED** to meet and confer to discuss any remaining issues and to submit a Joint Status Report within thirty (30) days of this Order proposing a course of action for resolving this matter.

**IT IS SO ORDERED.**